■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LEGAULT, Appellant.—Crew III, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered August 3, 1990, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree, and (2) by permission, from an order of said court, entered August 12, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

On January 19, 1990, defendant was found intoxicated and unconscious near a stolen automobile that left the road and collided with trees in the Town of Oswegatchie, St. Lawrence County. Defendant was subsequently indicted for grand larceny in the third degree and operating a motor vehicle while under the influence of alcohol. Thereafter, defendant pleaded guilty to grand larceny in the third degree in full satisfaction of the indictment as well as other pending charges of criminal mischief in the fourth degree, criminal possession of stolen property, burglary in the third degree, driving while intoxicated, unauthorized use of a motor vehicle, criminal possession of a weapon and another indictment charging burglary in the third degree. At sentencing, defendant was represented by new counsel who requested an adjournment to investigate the sufficiency of the plea in order to file what he perceived to be appropriate motions. County Court afforded defendant an opportunity to articulate his reasons for challenging the plea whereupon counsel asserted that the plea allocution did not establish that defendant intended to permanently deprive the owner of the stolen automobile and that defendant may have been unable by reason of intoxication to form the requisite mens rea to commit the offense to which he pleaded guilty. County Court denied the motion for an adjournment and sentenced defendant to 2½ to 5 years in prison. Defendant then moved to vacate the judgment of conviction, which the court also denied. These appeals ensued. We affirm.

Viewing the plea allocution as a whole, we find that defen-

dant voluntarily and intelligently pleaded guilty to grand larceny in the third degree. Counsel's assertion that defendant "may not" have been able to form the requisite intent because he was also charged with driving while under the influence of alcohol did not constitute a protestation of innocence or the assertion of a defense necessitating withdrawal of the plea, and County Court's denial of the motion for adjournment was not an improvident exercise of its discretion (cf., People v Tinsley, 35 NY2d 926). A review of the plea colloquy makes it all too clear that defendant's plea was "a voluntary and intelligent choice among * * * alternative courses of action" (North Carolina v Alford, 400 US 25, 31; see, People v Francabandera, 33 NY2d 429, 434). Here, defendant was exposed to the risk of numerous felony convictions with the obvious and real potential of consecutive sentences. In order to obviate that risk, he chose to accept a very favorable plea bargain (see, People v Di Paola, 143 AD2d 487). Defendant's remaining contentions have been considered and rejected as lacking in merit.

Mikoll, J. P., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the judgment and order are affirmed.