■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANGELO L. HALL, Appellant. [839 NYS2d 565]—Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 12, 2006, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to the reduced charge of attempted assault in the first degree and was sentenced in accordance with the negotiated plea agreement to four years in prison followed by five years of postrelease supervision. Defendant now appeals.

We affirm. By not moving to withdraw his plea or vacate the judgment of conviction, defendant has failed to preserve for our review his challenge to the factual sufficiency of his plea allocution (*see People v Missimer*, 32 AD3d 1114, 1115 [2006], *lv denied*

7 NY3d 927 [2006]). Moreover, the narrow exception to the preservation requirement is not applicable inasmuch as the plea colloquy does not cast significant doubt on defendant's guilt or call into question the voluntariness of his plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Were we to consider defendant's claim, we would find that because defendant pleaded guilty to a lesser crime than that charged in the indictment, a factual basis for the plea was not required (*see People v Moore*, 71 NY2d 1002, 1006 [1988]). In any event, defendant's responses to County Court's questions during the plea colloquy sufficiently established the elements of the crime (*see People v Smith*, 2 AD3d 1057, 1058 [2003], *lv denied* 2 NY3d 746 [2004]).

Furthermore, we find no merit to defendant's contention that his sentence was harsh and excessive. A review of the record fails to demonstrate that County Court abused its discretion in imposing the sentence or that there are any extraordinary circumstances warranting a reduction of the agreed-upon sentence (*see People v Miller*, 29 AD3d 1033, 1033-1034 [2006]).

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.