■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. NORTON, Appellant. [845 NYS2d 921]—Mugglin, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 7, 2006, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with the crime of criminal possession of a weapon in the third degree. Under the terms of a plea agreement, defendant pleaded guilty to attempted criminal possession of a weapon in the third degree and was sentenced to a term of $3^1/2$ years in prison and five years of postrelease supervision. Defendant now appeals.

We affirm. Initially, we note that, by failing to move to withdraw his plea or vacate the judgment of conviction, defendant did not preserve a challenge to the factual sufficiency of his plea (*see People v Hall*, 41 AD3d 1090, 1090 [2007], *lv denied* 9 NY3d 876 [2007]; *People v Guthinger*, 36 AD3d 1075, 1075 [2007], *lv denied* 8 NY3d 923 [2007]). Moreover, contrary to defendant's contention, the narrow exception to this rule is inapplicable, as defendant's plea colloquy did not negate an essential element of the crime or raise significant doubt as to his guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Hall*, 41 AD3d at 1090-1091; *People v Rose*, 41 AD3d 1033, 1034 [2007]). Moreover, since defendant pleaded to a lesser crime than originally charged, a factual basis for the plea was not required (*see People v Hall*, 41 AD3d at 1091; *People v Steed*, 17 AD3d 928, 929 [2005], *lv denied* 5 NY3d 770 [2005]).

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.