■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WELCH, Appellant. [849 NYS2d 680]—

Mercure, J.P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered February 24, 2006, convicting defendant upon his plea of guilty of the crimes of endangering the welfare of a child and attempted failure to register under the Sex Offender Registration Act.

In full satisfaction of a three-count indictment, defendant, who was previously designated a risk level three sex offender, pleaded guilty to attempted failure to register as a sex offender and endangering the welfare of a child. He was sentenced, in accordance with the negotiated plea agreement, to an aggregate term of 1½ to 3 years in prison. Defendant appeals and we now affirm.

We reject defendant's assertion that the indictment was jurisdictionally defective because count 3, which charged him with failure to register or verify as a sex offender, did not set forth the specific 90-day time period within which he was required to register. Initially, we note that while defendant

---

raises this contention for the first time on appeal, a claim that an indictment is jurisdictionally defective for failure to allege every material element of the crime survives the entry of a guilty plea and is reviewable on appeal even in the absence of a timely objection (*see People v Casey*, 95 NY2d 354, 363-364 [2000] [2002]; *People v Iannone*, 45 NY2d 589, 600-601 [1978]). The claim lacks merit, however, inasmuch as the indictment both included the specific date—i.e., May 18, 2005—by which defendant was required to register and incorporated the elements of the crime by reference to the applicable statutory provisions (*see* Correction Law § 168-f [3]; § 168-t). As such, the indictment " 'effectively charge[d] . . . defendant with the commission of a particular crime' " and afforded him " 'fair notice of the charges made against him, so that he [could] prepare a defense and . . . avoid subsequent attempts to retry him for the same crime' " (*People v Ray*, 71 NY2d 849, 850 [1988] [citations omitted]; *see People v Champion*, 20 AD3d 772, 773-774 [2005]; *see generally People v Cobb*, 2 Misc 3d 237, 241 [2003]).

Turning to the remaining arguments, defendant did not move to withdraw his plea or vacate the judgment of conviction and, thus, he failed to preserve his challenge to the factual sufficiency of his plea allocution (*see People v Hall*, 41 AD3d 1090, 1090 [2007], *lv denied* 9 NY3d 876 [2007]). Moreover, because "defendant's recitation of the facts underlying the crime . . . [did not] cast[ ] significant doubt upon [his] guilt or otherwise call[ ] into question the voluntariness of the plea," the narrow exception to the preservation requirement is inapplicable here (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Hall*, 41 AD3d at 1091; *cf. People v Ocasio*, 265 AD2d 675, 677-678 [1999]). Contrary to defendant's argument in that regard, "merely showing that [a] defendant did not expressly admit a particular element of the crime in the factual allocution is not sufficient, by itself," to establish that the plea was involuntary (*People v Moore*, 71 NY2d 1002, 1005 [1988]).

Defendant's remaining argument is rendered academic by our determination.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.