■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA J. CLAPPER, Appellant. [858 NYS2d 481]—Peters, J. Appeal from a judgment of the County Court of Tioga County (Sgeuglia, J.), rendered December 15, 2006, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Defendant was charged in a four-count indictment with murder in the second degree, assault in the second degree and endangering the welfare of a child (two counts) following an incident wherein the two-year-old daughter of defendant's then girlfriend died from complications of blunt head trauma while in defendant's care. Pursuant to a negotiated plea agreement, defendant thereafter pleaded guilty to manslaughter in the first degree in full satisfaction of the indictment and was sentenced to an agreed-upon term of 17 years in prison followed by five years of postrelease supervision. This appeal by defendant ensued.

Inasmuch as defendant admittedly failed to move to withdraw

his plea or vacate the judgment of conviction, his challenge to the voluntariness and sufficiency of the plea has not been preserved for our review (*see People v Welch*, 46 AD3d 1228, 1229 [2007]; *People v Pagan*, 36 AD3d 1163, 1164 [2007]; *People v Phillips*, 28 AD3d 939 [2006], *lv denied* 7 NY3d 761 [2006]). Moreover, contrary to defendant's assertion, the narrow exception to the preservation requirement is not triggered here as defendant did not make any statements during the plea allocution that cast doubt upon either his guilt or the voluntariness of his plea or otherwise tended to negate a material element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Hall*, 41 AD3d 1090, 1091 [2007], *lv denied* 9 NY3d 876 [2007]; *People v Williams*, 25 AD3d 927, 929 [2006], *lv denied* 6 NY3d 840 [2006]). Were we to consider defendant's argument, we nonetheless would conclude that the plea was knowing, intelligent and voluntary as there is nothing in the plea minutes to suggest that defendant did not comprehend the proceeding or the nature of the charges against him, and defendant's responses to the questions posed were sufficient to establish the elements of manslaughter in the first degree (*see generally People v Smith*, 2 AD3d 1057, 1058 [2003], *lv denied* 2 NY3d 746 [2004]).

As a final matter, we find no merit to defendant's claim that the sentence imposed was harsh and excessive. Defendant was sentenced in accordance with the negotiated plea agreement and, based upon our review of the record as a whole, we perceive neither an abuse of discretion nor the existence of any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Hall*, 41 AD3d at 1091).

Cardona, P.J., Carpinello, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.