THIRD DEPARTMENT, MARCH, 2011

(March 3, 2011)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JAMES MILLER JR., Appellant. [918 NYS2d 224]—

Lahtinen, J. 

For several months during 2007, defendant stole money from the victim, his elderly and infirm father. Upon being confronted by the victim in September 2007 about the pilfered funds, defendant strangled him and then left his body in the victim's home. Police discovered the victim's decomposing body in October 2007 and defendant eventually executed a detailed written confession. He was indicted on charges of murder in the second degree and grand larceny in the third degree. After his suppression motion was denied, defendant agreed to plead guilty to both counts in exchange for a sentence of 20 years to life on the murder count and a concurrent term for the grand larceny count. Consistent with the agreement, he was sentenced to concurrent prison terms of 20 years to life for murder and 3½ to 7 years for grand larceny. County Court also directed defendant to pay restitution of $14,250.25 to the victim's estate, and

issued orders of protection for the victim's family members who had requested such orders. Defendant appeals.

We affirm. Defendant's challenge to the voluntariness of his plea was not preserved since he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Glynn*, 73 AD3d 1290, 1291 [2010]; *People v Lopez*, 52 AD3d 852, 852-853 [2008]). Contrary to his contention, the exception to this preservation requirement was not established since review of the plea colloquy fails to establish that his recitation of the facts negated an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Kilgore*, 45 AD3d 886, 887 [2007], *lv denied* 10 NY3d 767 [2008]). His further argument that he was not informed of the maximum potential sentence is contradicted by the record and, in any event, defendant received the sentence he had been promised (*see People v Grant*, 294 AD2d 671, 672-673 [2002], *lv denied* 98 NY2d 730 [2002]).

Defendant asserts that his motion to suppress his statements to police should have been granted. We cannot agree. The record supports the finding that defendant was not in custody and, in any event, he was fully apprised of his *Miranda* rights, waived those rights and made a voluntary statement (*see People v Doherty*, 305 AD2d 867, 867 [2003], *lv denied* 100 NY2d 580 [2003]).

Lastly, we consider defendant's contention that his sentence was harsh and excessive. Absent the plea deal, defendant faced a potentially longer minimum sentence for murder (*see* Penal Law § 70.00), as well as a consecutive sentence for grand larceny (*see e.g. People v Mileto*, 290 AD2d 877, 880 [2002], *lv denied* 97 NY2d 758 [2002]). The sentence he received complied with the plea agreement, and the record reveals neither an abuse of discretion by County Court nor extraordinary circumstances warranting a reduction in the interest of justice (*see People v Kaszubinski*, 55 AD3d 1133, 1137 [2008], *lv denied* 12 NY3d 855 [2009]; *People v Clapper*, 51 AD3d 1336, 1337 [2008]). We note that defendant did not request a hearing or contest the amount of restitution at sentencing (*see People v Williams*, 28 AD3d 1005, 1011 [2006], *lv denied* 7 NY3d 819 [2006]), and the amount imposed was the same that the People had stated, prior to defendant's plea allocution, that they would be seeking. The protective orders regarding the victim's family members were properly issued (*see People v Shampine*, 31 AD3d 1163, 1164 [2006]).

Mercure, J.P., Spain, Rose and Garry, JJ., concur. Ordered that the judgment is affirmed.