■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT A. BATES, Appellant. [920 NYS2d 795]—

Garry, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered October 20, 2008, convicting defendant upon his plea of guilty of the crime of attempted aggravated assault upon a police officer (two counts).

In August 2007, shortly after midnight, two State Troopers approached a vehicle parked on the side of and perpendicular to a road in the Town of Tupper Lake, Franklin County. The officers questioned defendant, who was the only person in the car, and observed the smell of alcohol as well as beer containers on the passenger seat of the car. Defendant produced his driver's license and, when asked for the vehicle's registration, proffered an insurance card in the name of another individual. One of the officers continued to question defendant, while the second walked around the car, noticing the end of a concealed pistol on the passenger seat. The second officer informed the first of the presence of the weapon and suggested that defendant be removed from the car. Defendant then grabbed the pistol and exited the car, and an exchange of gunfire ensued. One officer was injured by shrapnel, and defendant was wounded in the head and neck. Defendant's injuries led to a month-long coma, blindness in one eye, significant and permanent impairment of his legs and memory loss as to the events involving the officers.

A grand jury subsequently handed up a 17-count indictment. County Court ordered a competency examination pursuant to CPL article 730 and, following a hearing, found defendant competent to stand trial. Defendant thereafter entered an *Alford* plea to two counts of attempted aggravated assault upon a police officer in full satisfaction of the indictment,[1] executed a valid waiver of appeal and was sentenced to two consecutive prison terms of 12 1/2 years to be followed by five years of post-release supervision. Defendant appeals, and we affirm.

Defendant first contends that County Court erred in finding him fit to proceed to trial, asserting that his amnesia made him unable to assist counsel with his defense. CPL 730.10 (1) defines an incapacitated person as "a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense" (*see People v Francabandera*, 33 NY2d 429, 432 [1974]).[2] To be competent, "the defendant must have 'sufficient *present ability* to consult with his [or her] lawyer with a reason-

---

1. The plea also encompassed pending charges against defendant in Clinton County.

2. We note the overwhelming similarities between the case at hand and *People v Francabandera* (*supra*). In that case, as here, the defendant—perhaps under the influence of alcohol—fired upon police and, as a result, received a

able degree of rational understanding—and . . . a rational as well as factual understanding of the proceedings against him [or her]' " (*People v Mendez,* 1 NY3d 15, 19 [2003], quoting *Dusky v United States,* 362 US 402, 402 [1960] [emphasis added]). This standard requires merely a "modicum of intelligence [to] assist counsel" (*People v Francabandera,* 33 NY2d at 436), and where a defendant suffers from memory loss, a court will not automatically find the defendant not competent to stand trial (*see id.* at 438-439; *People v Surdis,* 77 AD3d 1018, 1018 n 1 [2010]).

Here, County Court appropriately ordered competency examinations and, when differences arose among the submitted recommendations, properly ordered a hearing to make a final determination. The two evaluations that found defendant not competent to stand trial based these recommendations solely on defendant's inability to assist counsel due to his memory loss; neither evaluation considered his "present ability to consult with his lawyer" (*People v Mendez,* 1 NY3d at 19 [internal quotation marks omitted]). All three evaluations found defendant sufficiently aware of the charges he was facing, the gravity of those charges, and the roles of the judge, jury, and prosecutor during a trial. Significantly, during one interview, defendant expressed a desire to find new counsel and discussed hypothetical issues concerning how to assist counsel. We accord deference to the court's credibility assessments concerning the conflicting evaluations (*see id.* at 20; *People v Surdis,* 77 AD3d at 1018-1019) and, upon examination of the record, find no reason to disturb the court's ruling that defendant was fit to proceed to trial.

Defendant next argues that his *Alford* plea was not voluntary due to the competency determination and his memory loss. Although this assertion survives defendant's valid appeal waiver, it is unpreserved for our review as he neither moved to withdraw his plea nor to vacate the judgment of conviction (*see People v Miller,* 82 AD3d 1278, 1279 [2011]; *People v Pendelton,* 81 AD3d 1037, 1038 [2011]). In any event, defendant's *Alford* plea represents "a rational choice among the alternatives available to him" (*People v Friedman,* 39 NY2d 463, 466 [1976]) and a voluntary decision to avoid the risks of trial and the possibility of consecutive sentences for numerous felonies (*see People v Alexander,* 97 NY2d 482, 487 [2002]; *People v Legault,* 180 AD2d

head wound that produced amnesia (*id.* at 432). The defendant in *Francabandera* pleaded guilty to a lesser charge and subsequently also appealed both the competency determination and the voluntariness of his plea (*id.* at 432, 434). The Court of Appeals ultimately held that the trial court properly found the defendant fit to proceed to trial and that this ruling, coupled with the defendant's amnesia, did not lead to an involuntary plea (*id.* at 436, 438).

912, 913 [1992], *lv denied* 79 NY2d 1051 [1992]; *see also People v Francabandera*, 33 NY2d at 434). The plea allocution set forth the "strong record evidence of actual guilt" and County Court's questioning demonstrated that defendant's plea was knowingly and voluntarily made (*Matter of Silmon v Travis*, 95 NY2d 470, 472, 474 n 1 [2000]).

Finally, defendant asserts that given his physical impairments and relatively limited criminal history, the sentence imposed is harsh and excessive. This contention, however, does not survive defendant's valid waiver of the right to appeal (*see People v Pendelton*, 81 AD3d at 1039).

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

