■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS A. TURE, Appellant. [941 NYS2d 530]—

Lahtinen, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered June 17, 2010, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree.

Defendant was arrested after repeatedly stabbing his mother, who was seriously injured but survived the attack. He was indicted for attempted murder in the second degree, assault in

the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree. Although initial competency examinations reported that he was not competent, subsequent competency examinations resulted in two psychiatrists concluding that he was competent. A competency hearing was scheduled but, on the day of the hearing, defendant conceded his capacity to stand trial. Thereafter, defendant entered an *Alford* plea to all four counts and waived his right to appeal in exchange for an aggregate term of 15 years in prison together with postrelease supervision. County Court sentenced defendant consistent with the plea deal. Defendant appeals contending that County Court should not have accepted his *Alford* plea.

"An *Alford* plea may only be allowed when it is the product of a voluntary and rational choice and there is strong evidence of defendant's guilt before the court" (*People v Washington*, 51 AD3d 1223, 1223-1224 [2008] [citations omitted]; *see People v Hill*, 16 NY3d 811, 814 [2011]; *Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]). Defendant asserts that there is no strong evidence of his guilt since there is proof indicating that he may have not been responsible by reason of mental disease. However, "[b]y not moving to withdraw his plea or vacate the judgment of conviction, defendant did not preserve his argument[ ] . . . that his *Alford* plea was not supported by sufficient record proof" (*People v Morelli*, 46 AD3d 1215, 1216 [2007], *lv denied* 10 NY3d 814 [2008] [citations omitted]; *see People v Bates*, 83 AD3d 1110, 1112 [2011]). In any event, the record reveals that County Court conducted a thorough plea allocution, defendant indicated that he understood and agreed to the sentence, the evidence that he committed the acts was compelling, and the proof regarding his mental capacity does not establish that he was incompetent (*see generally People v Bates*, 83 AD3d at 1112-1113; *People v Mears*, 16 AD3d 917, 918 [2005]; *People v Crandall*, 272 AD2d 717, 717-718 [2000]).

Mercure, A.P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.