■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SECUNDINO PEREZ, Appellant. [4 NYS3d 304]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered September 4, 2013, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court, upon considering the requisite factors after a postverdict hearing conducted pursuant to *People v Francabandera* (33 NY2d 429, 438 [1974]), correctly concluded that the defendant received a fair trial despite his inability to remember the subject incident due to amnesia (*see id.* at 436 n 4, 437-438; *People v Zacher*, 97 AD3d 1101, 1102 [2012]; *People v Bates*, 83 AD3d 1110, 1111 [2011]; *People v Goodell*, 164 AD2d 321, 327 [1990], *affd* 79 NY2d 869 [1992]; *People v Wright*, 105 AD2d 1088 [1984]; *Wilson v United States*, 391 F2d 460, 463-464 [DC Cir 1968]; *see also People v Phillips*, 16 NY3d 510, 515 n 2 [2011]).

In particular, contrary to the defendant's contention, the record demonstrates that the defendant was able to consult with his counsel during the trial to assist with his defense. Contrary to the defendant's further contention, the People's case was strong enough " 'to negate all reasonable hypotheses of innocence' " (*People v Francabandera*, 33 NY2d at 437, quoting *Wilson v United States*, 391 F2d at 464). In this respect, contrary to his contention, there was no " 'substantial possibility' " that " 'but for his amnesia,' " the defendant could have established a justification defense (*People v Francabandera*, 33 NY2d at 437, quoting *Wilson v United States*, 391 F2d at 464).

The defendant's contention that the trial court erred by not including an expanded interested witness charge in its instructions to the jury is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the trial court's instructions adequately conveyed to the jury the appropriate standard for evaluating the testimony of the People's witnesses (*see People v Rivera*, 307 AD2d 369 [2003]; *People v Alvarado*, 140 AD2d 446 [1988]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.