*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 17, 2015                    106397
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                   MEMORANDUM AND ORDER

JOSHUA R. HUGHES,
                        Appellant.
_____

Calendar Date:   October 23, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        John A. Cirando, Syracuse, for appellant.

        Mary E. Rain, District Attorney, Canton (A. Michael Gebo of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 22, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

        Following jury selection, defendant entered an Alford plea to the sole count in an indictment charging burglary in the second degree and waived his right to appeal.  Consistent with the plea agreement, County Court sentenced defendant, as a second violent felony offender, to a prison term of seven years with five years of postrelease supervision.  Defendant now appeals.

        We affirm.  Defendant's challenge to the waiver of appeal is belied by the record, which reflects that County Court made

clear its "separate and distinct" nature, explained the right being waived and confirmed that defendant understood it and had no questions, prior to signing the written appeal waiver in court (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Jackson, 129 AD3d 1342, 1342 [2015]). Contrary to his claims, County Court sufficiently explained the appellate rights that survive the waiver, and we find that defendant's waiver of appellate rights was knowing, voluntary and intelligent (see id.; see also People v Sanders, 25 NY3d 337, 340-341 [2015]).

While defendant's challenge to his Alford plea survives his appeal waiver to the extent that it implicates the voluntariness of his plea, it is unpreserved as he failed to make an appropriate postallocution motion, and the narrow exception to the preservation rule is inapplicable (see People v Heidgen, 22 NY3d 981, 981-982 [2013]; People v Fallen, 106 AD3d 1118, 1119 [2013], lv denied 22 NY3d 1156 [2014]; People v Ture, 94 AD3d 1163, 1164 [2012], lv denied 19 NY3d 968 [2012]).

Defendant alleges that he received the ineffective assistance of counsel due to counsel's failure to conduct appropriate discovery. To the extent that this argument survives his appeal waiver by implicating the voluntariness of his plea, however, it involves matters outside the record that must be raised in a CPL article 440 motion (see People v Brown, 125 AD3d 1049, 1050 [2015]; People v Sylvan, 107 AD3d 1044, 1045-1046 [2013], lv denied 22 NY3d 1141 [2014]). Defendant's remaining claims of ineffective assistance survive his appeal waiver to the extent that they implicate the voluntariness of his guilty plea, but are unpreserved given the absence of an appropriate postallocution motion (see People v Jackson, 128 AD3d 1279, 1280 [2015], lv denied 26 NY3d 930 [2015]).[1] Regardless, his contentions are belied by the plea colloquy, in which defendant confirmed that he was satisfied with counsel's services and had adequate time to discuss the plea with him. Defendant's

_____

[1]  While defendant argued at sentencing that his trial counsel had been ineffective in a prior action, that did not preserve the present claim of ineffective assistance in this action.

remaining claims similarly lack merit.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court