Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:   June 2, 2016                    106366
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

SCOTT MOREHOUSE,
                        Appellant.
_____

Calendar Date:   April 27, 2016

Before:   Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

                    _____

        Susan Patnode, Rural Law Center of New York, Castleton
(George J. Hoffman Jr. of counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

                    _____

Lahtinen, J.

        Appeal from a judgment of the County Court of Warren County
(Hall Jr., J.), rendered October 9, 2013, convicting defendant
upon his plea of guilty of the crime of criminal possession of
stolen property in the fourth degree.

        In 2011, defendant pleaded guilty to forgery in the second
degree in full satisfaction of an eight-count indictment and
executed a waiver of his right to appeal, and County Court
sentenced him to a prison term of 2 to 4 years (109 AD3d 1022,
1022 [2013]).  On appeal, this Court found that defendant had
made a statement during his allocution that implicated the
voluntariness of his guilty plea, vacated defendant's guilty plea
and remitted the matter to County Court (id. at 1022-1023).

Thereafter, following the denial of defendant's request for substitute counsel, defendant entered an Alford plea (North Carolina v Alford, 400 US 25, 37 [1970]) to one count of criminal possession of stolen property in the fourth degree in full satisfaction of the eight-count indictment and executed in open court a written waiver of the right to appeal. Consistent with the plea agreement, County Court sentenced defendant to a prison term of 1½ to 3 years, with credit for prison time already served, and ordered restitution in the amount of $1,345. Defendant now appeals.

While defendant's challenge to his Alford plea survives his appeal waiver to the extent that it implicates the voluntariness of his plea, it is unpreserved as he failed to make an appropriate postallucution motion, and the narrow exception to the preservation rule is inapplicable (see People v Hughes, 134 AD3d 1301, 1301 [2015], lv denied 27 NY3d 966 [2016]; People v Dale, 115 AD3d 1002, 1007 [2014]; People v Fallen, 106 AD3d 1118, 1119 [2013], lv denied 22 NY3d 1156 [2014]; People v Ture, 94 AD3d 1163, 1164 [2012], lv denied 19 NY3d 968 [2012]). In any event, were the issue properly before us, we would find defendant's contention that County Court erred in accepting his Alford plea unavailing. Here, the record reveals that County Court ensured that defendant understood the rights that he knowingly and voluntarily relinquished by pleading guilty, that he had the opportunity to speak with his attorney before pleading guilty and that his plea was "the product of a voluntary and rational choice" to avoid the risks of trial and the possibility of consecutive sentences for numerous convictions (Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]; see People v Ture, 94 AD3d at 1164; People v Andrews, 78 AD3d 1229, 1233 [2010], lv denied 16 NY3d 827 [2011]).

Similarly, even if defendant's contention that County Court failed to make an adequate inquiry before denying his request for substitute counsel survived his appeal waiver by implicating the voluntariness of his guilty plea (see People v Rolfe, 83 AD3d 1219, 1220 [2011], lv denied 17 NY3d 809 [2011]), defendant failed to preserve this claim by moving to withdraw his plea (see CPL 220.60 [3]). In any event, County Court's ample inquiry into the basis for defendant's request for substitute counsel revealed

nothing more than defendant's personal animus towards his trial attorney, and defendant failed to articulate any "conflict of interest or other irreconcilable conflict" that affected counsel's representation of him (People v Stevenson, 112 AD3d 989, 990 [2013], lv denied 22 NY3d 1159 [2014] [internal quotation marks omitted]; accord People v Sides, 75 NY2d 822, 824 [1990]).  Accordingly, were this issue before us, we would find that defendant failed to demonstrate good cause for the appointment of substitute counsel, and, therefore, County Court did not abuse its discretion in denying his request (see People v Clapper, 133 AD3d 1037, 1039 [2015], lv denied ___ NY3d ___ [Apr. 11, 2016]; People v Stevenson, 112 AD3d at 990-991; People v Rolfe, 83 AD3d at 1220).

Finally, defendant's claim that there is a lack of support in the record for the amount of restitution ordered is also unpreserved for our review because the plea agreement and appeal waiver specified $991 as the amount of restitution to be imposed, and defendant failed to request a hearing or challenge that amount during sentencing (cf. People v Robinson, 133 AD3d 1043, 1044 [2015]; People v Gardner, 129 AD3d 1386, 1388 [2015]). Nevertheless, the People concede in their brief, and we agree, that the $1,345 in restitution ordered by County Court exceeds the $991 that was specified in the plea agreement and in the appeal waiver signed by defendant.  We therefore deem it appropriate to exercise our interest of justice jurisdiction to take corrective action and modify the judgment by reversing the sentence only insofar as it directs defendant to pay restitution in the amount of $1,345 and remit the matter to County Court for the imposition of restitution in the correct amount (see People v Gardner, 129 AD3d at 1388; People v Lyman, 119 AD3d 968, 970 [2014]).

Peters, P.J., Garry, Clark and Mulvey, JJ., concur.

        ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as directed defendant to pay restitution in the amount of $1,345; matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

            ENTER:

            Robert D. Mayberger
            Clerk of the Court