People v Mickel (2018 NY Slip Op 00364)





People v Mickel


2018 NY Slip Op 00364


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

108232

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KYLE R. MICKEL, Appellant.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Susan Patnode, Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 16, 2015, (1) convicting defendant upon his plea of guilty of the crime of burglary in the third degree, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.
In satisfaction of charges pending against him, defendant waived indictment and agreed to plead guilty to a superior court information charging him with burglary in the third degree. During the plea colloquy, defendant admitted that he had entered a building without permission and assaulted the victim therein, but denied that he had entered the building with the intent to commit a crime, as required to establish burglary in the third
degree (see Penal Law § 140.20). Following an inquiry by County Court, during which defendant affirmed that he had discussed the evidence against him with counsel and wished to avoid the possibility of a harsher sentence if convicted at trial, defendant entered an Alford plea to burglary in the third degree. County Court thereafter sentenced defendant, as a second felony offender, to the agreed-upon sentence of 2 to 4 years in prison. County Court also imposed a sentence of 2 to 6 years in prison, resulting from a previous admission by defendant to violating probation, and ordered the sentences to run concurrently. Defendant now appeals.
We affirm. Defendant's contention that County Court erred in accepting his Alford plea because the record does not contain strong evidence of his guilt survives his appeal waiver to the [*2]extent that it implicates the voluntariness of his plea, but is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion, and the exception to the preservation rule is inapplicable (see People v Heidgen, 22 NY3d 981, 981-982 [2013]; People v Hughes, 134 AD3d 1301, 1301 [2015], lv denied 27 NY3d 966 [2016]; People v Ture, 94 AD3d 1163, 1164 [2012], lv denied 19 NY3d 968 [2012]). We decline his invitation to take corrective action in the interest of justice (see CPL 470.15 [3] [c]; People v Rivera, 48 AD3d 1092, 1093 [2008], lv denied 10 NY3d 869 [2008]).
McCarthy, J.P., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.