Matter of Gentner v Hall (2021 NY Slip Op 02028)





Matter of Gentner v Hall


2021 NY Slip Op 02028


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

530156

[*1]In the Matter of Edward Grant Gentner, Petitioner,
v
John S. Hall Jr., as County Judge of Warren County, et al., Respondents, and Jason M. Carusone, as Warren County District Attorney, Respondent.

Calendar Date: February 10, 2021

Before: Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Harris Beach PLLC, Saratoga Springs (Karl J. Sleight of counsel), for petitioner.
Mary Elizabeth Kissane, County Attorney, Lake George (Robert Terwilliger of counsel), for Jason M. Carusone, respondent.



Colangelo, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent County Judge of Warren County from exercising jurisdiction over certain criminal charges.
In April 2018, petitioner, a resident of Warren County and a former treasurer of the Lake George Emergency Squad (hereinafter Lake George EMS), was charged by a Warren County grand jury in a 29-count indictment (indictment No. 2018-087-I) with multiple counts of grand larceny, petit larceny and falsifying business records stemming from allegations that, during the time he served as the treasurer of Lake George EMS, he stole money from the organization from bank accounts at locations in Saratoga County [FN1] and falsified documents to facilitate the thefts. In response to petitioner's initial omnibus motion, 25 of the 29 counts were dismissed on statute of limitations grounds. The remaining grand larceny counts charged that petitioner stole a total of $3,900 on three occasions in 2013. In October 2018, a trial commenced in Warren County with respect to the remaining four counts — three counts of grand larceny in the fourth degree and one count of falsifying business records in the first degree — but a mistrial was declared due to serious medical issues suffered by petitioner's counsel.
Petitioner obtained new counsel in February 2019, who filed a request for a verified bill of particulars. Respondent Warren County District Attorney (hereinafter respondent), in reply, asserted "particular effect" jurisdiction as the basis to try petitioner in Warren County — contending that, although the offenses occurred in Saratoga County, petitioner had "engaged in conduct that had, or was likely to have, a particular effect on the County of Warren or its political subdivisions, with knowledge of the effect or the likelihood of the effect of his actions." Petitioner filed a supplemental omnibus motion/motion to reargue and reconsider, seeking, among other things, to dismiss the remaining counts of the indictment for lack of jurisdiction. Respondent opposed the motion, claiming that petitioner's conduct had a "materially harmful impact upon the community welfare of Warren County." In a June 2019 order, County Court (Hall Jr., J.) upheld Warren County as the proper geographical jurisdiction for the retrial of the four remaining counts. However, the court thereafter dismissed the count of falsifying business records in the first degree based upon insufficient evidence.
In October 2019, petitioner commenced this CPLR article 78 proceeding in this Court, seeking a writ of prohibition to enjoin the prosecution of the three grand larceny counts in Warren County. In opposition, respondent contends that prohibition does not properly lie as other remedies are available, and that "particular effect" jurisdiction was demonstrated by the negative impact of petitioner's conduct on the availability of emergency medical care in Warren County.
At the outset and contrary [*2]to respondent's contention, we find that the writ of prohibition is appropriately sought by petitioner under the facts and circumstances presented. "[P]rohibition is the proper remedy whenever a court threatens to act without or in excess of its power, not only with respect to a lack of jurisdiction over the subject matter[,] but also where the Legislature has confined the exercise of jurisdiction to a court of some other county" (Matter of Steingut v Gold, 42 NY2d 311, 316 [1977] [internal quotation marks and citation omitted]).
As to the substance of petitioner's application, we reiterate the long-standing principle that "[a] defendant has the right at common law and under the State Constitution to be tried in the county where the crime was committed unless the Legislature has provided otherwise" (People v Ribowsky, 77 NY2d 284, 291 [1991]; see NY Const, art I, § 2; People v Zimmerman, 9 NY3d 421, 426-427 [2007]; People v Wilson, 141 AD3d 737, 740 [2016], lv denied 28 NY3d 1151 [2017]). "The burden is on the People to prove by a preponderance of the evidence that the county where the crime is prosecuted is the proper venue because either the crime was committed there or one of the statutory exceptions is applicable" (People v Ribowsky, 77 NY2d at 291-292 [citations omitted]; see CPL 20.40 [2]; People v Wilson, 141 AD3d at 737). In order for a criminal court of a particular county to exercise geographical jurisdiction over an offense when none of the conduct constituting the offense occurred within that county, it must be shown that "[s]uch conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein" (CPL 20.40 [2] [c]; see Matter of Taub v Altman, 3 NY3d 30, 33 [2004]; People v Raucci, 109 AD3d 109, 113-114 [2013], lv denied 22 NY3d 1158 [2014]).
As the Court of Appeals has recognized, "particular effect jurisdiction is to be applied only in limited circumstances, [and] it has been rarely invoked" (Matter of Taub v Altman, 3 NY3d at 34 [internal quotation marks and citation omitted]).[FN2] Consistent with this narrow approach, this Court has held that "criminal conduct has a particular effect upon a county when the consequences thereof have a materially harmful impact upon the governmental processes or community welfare of that county such that the defendant's out-of-county conduct exposes a large number of county residents to a specific harm" (People v Raucci, 109 AD3d at 114 [internal quotation marks, brackets and citations omitted]; see Matter of Steingut v Gold, 42 NY2d at 317). In addition, the defendant's conduct must "have a materially harmful impact [that] may . . . be satisfied only by a concrete and identifiable injury to either the county's governmental processes . . . or the welfare of the county's community" and such "impact must be more than minor or [*3]incidental" (Matter of Taub v Altman, 3 NY3d at 33-34 [internal quotation marks and citation omitted]). Moreover, "the jurisdiction of the county seeking to prosecute . . . must be established before the [g]rand [j]ury" (Matter of Steingut v Gold, 42 NY2d at 316-317). Therefore, "[t]he type of injury or offense contemplated by the [particular effect] statute must be perceptible and of the character and type which can be demonstrated by proof before a [g]rand [j]ury" (id. at 317).
Respondent failed to demonstrate that the evidence before the grand jury established that Warren County has particular effect jurisdiction over the instant crimes. Respondent submitted his paraphrased testimony of one witness, whose familiarity with Lake George EMS and/or source of information was not disclosed. According to respondent, the witness testified that petitioner stole money from Lake George EMS at a time when he knew the organization was having difficulty meeting payroll. Based on this testimony, respondent argued that petitioner's conduct "was likely to create a situation where emergency medical services would be restricted or discontinued by the Lake George [EMS] thus having a materially harmful impact upon the community welfare." In our view, such testimony fails to demonstrate a concrete and identifiable injury to the Warren County community. Respondent's prior submissions, which, in our view, were improperly credited by County Court as establishing injured forum jurisdiction, offered a similarly amorphous statement of material harm. Respondent argued that, "[a]s [Lake George EMS] serves a town in Warren County, [petitioner's alleged] larceny from [Lake George EMS] is clearly going to have an impact on Warren County" and "[t]he availability or absence of emergency medical treatment clearly has an impact on the welfare of Warren County."
For particular effect jurisdiction to attach in these circumstances, respondent was required to establish not only that petitioner's alleged conduct had a materially harmful impact to the well-being of the Warren County community as a whole, but also that petitioner intended his conduct to have such an impact (see People v Fea, 47 NY2d 70, 76-77 [1979]). Respondent offered no proof of such intent on the part of petitioner. In short, respondent failed to establish that the theft of money, in the amount of $3,900 from Lake George EMS — a nongovernmental entity serving one town within Warren County — caused such a "materially harmful impact upon the governmental processes or community welfare" of that county to justify the extraordinary exercise of particular effect jurisdiction (People v Raucci, 109 AD3d at 114 [internal quotation marks and citation omitted]). Accordingly, the writ of prohibition is granted.
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the petition is granted, without costs, and respondent County Judge of Warren County and respondent Warren County District [*4]Attorney are prohibited from prosecuting and/or trying petitioner on the remaining charges in indictment No. 2018-087-I.



Footnotes

Footnote 1: Lake George EMS is not a governmental entity, but a not-for-profit corporation serving the people of the Town of Lake George, Warren County.

Footnote 2: "[S]uch 'limited circumstances' have typically involved situations in which the injury to the prosecuting county is more particular and readily identifiable. If, for example, a person commits criminal mischief by maliciously blowing up a dam in Putnam County near the Westchester County line, thus flooding some Westchester County territory — a result the individual either intends or knows is likely to occur — jurisdiction of the crime will properly lie in Westchester as well as in Putnam" (Matter of Taub v Altman, 3 NY3d at 36).