People v Elawar (2022 NY Slip Op 02587)

People v Elawar

2022 NY Slip Op 02587

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

112193
[*1]The People of the State of New York, Respondent,
v
Abdallah Elawar, Appellant.

Calendar Date:March 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Erin C. Morigerato, Albany, for appellant.
Joseph Stanzione, District Attorney, Catskill (Denise Kerrigan of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Greene County (Wilhelm, J.), rendered September 17, 2019, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
After he was found to be in possession of dangerous contraband — specifically, a temple from a pair of eyeglasses that had been sharpened to a point — defendant was indicted and charged with promoting prison contraband in the first degree. The People afforded defendant the opportunity to enter an Alford plea to attempted promoting prison contraband in the first degree with a recommended prison term of 1½ to 3 years, to be served consecutively to the sentence defendant then was serving. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court sentenced defendant — as a second felony offender — to the contemplated term of imprisonment. This appeal ensued.
We affirm. Preliminarily, we agree with defendant that his waiver of the right to appeal is invalid. The written waiver executed by defendant contained overbroad language purporting to waive "any and all of [defendant's] rights to appeal," and, in any event, County Court "failed to ascertain whether defendant had read the waiver, understood it or had ample time to discuss it with counsel" (People v Gamble, 190 AD3d 1022, 1024 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]; see People v Lenahan, 201 AD3d 1255, 1256 [2022]). Additionally, County Court's brief oral colloquy with defendant neither explained the nature and/or ramifications of the waiver of the right to appeal (see People v Alexander, 194 AD3d 1261, 1262 [2021], lv denied 37 NY3d 1094 [2021]; People v Bowman, 194 AD3d 1123, 1124 [2021], lvs denied 37 NY3d 963, 966 [2021]) nor "ensure[d] that defendant understood the distinction that some appellate review survived" (People v Ghee, 195 AD3d 1244, 1244 [2021] [internal quotation marks and citations omitted], lvs denied 37 NY3d 992 [2021]; see People v Gervasio, 190 AD3d 1190, 1191 [2021]). In light of the invalid appeal waiver, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Burnell, 183 AD3d 931, 932 [2020], lv denied 35 NY3d 1043 [2020]). That said, given that defendant received the minimum legally permissible sentence for a second felony offender convicted of a class E felony, his sentence cannot be said to be harsh or excessive (see Penal Law §§ 70.06 [3] [e]; [4] [b]; 110.00, 202.25 [2]; People v Woods, 199 AD3d 1169, 1169 [2021], lv denied 37 NY3d 1166 [2022]).
Although defendant's challenge to the voluntariness of his Alford plea survives even a valid appeal waiver, it is unpreserved for our review in the absence of an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable (see People v Crandall, 181 AD3d 1091, 1092-1093 [2020], lv denied 35 NY3d 1026[*2][2022]; People v Mickel, 157 AD3d 1140, 1141 [2018], lv denied 31 NY3d 1015 [2018]; People v Morehouse, 140 AD3d 1202, 1203 [2016], lv denied 28 NY3d 934 [2016]). We also decline defendant's invitation to take corrective action in the interest of justice. Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v White, 157 AD3d 1128, 1130 [2018], lv denied 31 NY3d 1018 [2018]; People v Smalls, 128 AD3d 1281, 1282 [2015], lv denied 27 NY3d 1006 [2016]). The balance of defendant's ineffective assistance of counsel claim, including defendant's assertions that counsel failed to properly investigate the underlying facts and circumstances, neglected to adequately explain the consequences of an Alford plea and did not explore potential defenses, implicates matters outside of the record and, as such, is more properly the subject of a CPL article 440 motion (see People v McCoy, 198 AD3d 1021, 1023 [2021], lv denied 37 NY3d 1162 [2022]; People v Hughes, 134 AD3d 1301, 1301-1302 [2015], lv denied 27 NY3d 966 [2016]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.