People v Mcmillian (2022 NY Slip Op 04664)

People v Mcmillian

2022 NY Slip Op 04664

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

110101
[*1]The People of the State of New York, Respondent,
v
Tyrone Mcmillian, Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ.

Gail B. Rubenfeld, Monticello, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 15, 2017, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
Defendant was charged by indictment with aggravated family offense (two counts) and criminal contempt in the first degree. Defendant was assigned counsel, and subsequently requested the assignment of new counsel, which was denied by County Court. Defendant thereafter pleaded guilty to criminal contempt in the first degree and purportedly waived the right to appeal. Defendant was sentenced, as a prior felony offender, to a prison term of 2 to 4 years. Defendant appeals.
Appellate counsel seeks to be relieved of her assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Based upon our review of the record, we find issues of arguable merit pertaining to the validity of the waiver of the right to appeal that may impact other issues that may be raised (see People v McCray, 119 AD3d 1235, 1235 [2014]), such as whether County Court conducted an adequate inquiry before denying defendant's request for new counsel (People v Morehouse, 140 AD3d 1202, 1203 [2016], lv denied 28 NY3d 934 [2016]; People v Stevenson, 112 AD3d 989, 990-991 [2013], lv denied 22 NY3d 1159 [2014]). Accordingly, without passing judgment on the ultimate merit of any issues, we grant counsel's application for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638—639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980, lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.