People v Retell (2022 NY Slip Op 06961)

People v Retell

2022 NY Slip Op 06961

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

112502
[*1]The People of the State of New York, Respondent,
v
Scott D. Retell, Appellant.

Calendar Date:November 17, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Craig Meyerson, Peru, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (John B. Latella of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy, III, J.), rendered August 28, 2019, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant was charged in an indictment with four counts. Pursuant to a negotiated disposition, defendant purportedly waived his right to appeal and entered an Alford plea to one count of grand larceny in the fourth degree. County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of 1½ to 3 years. Defendant appeals.
We affirm. Initially, we agree with both defendant and the People's concession that the waiver of appeal is invalid. Although the written waiver of appeal indicated that the "right to appeal is separate and distinct from those rights . . . automatically forfeited upon [defendant's] plea of guilty" and listed legal issues that would be foreclosed by the appeal waiver, the written waiver also provided that defendant was waiving his right to appeal "[a]ny other matters which [he] may have an appeal as of right or otherwise" and that the waiver "encompasses all issues arising from this criminal proceeding." "County Court's oral colloquy did not attempt to clarify that the appeal waiver was not a total bar to taking an appeal. Given the mischaracterization of the appellate rights waived as encompassing an absolute bar to taking a first-tier direct appeal, and the failure to clarify that appellate review remained available for certain issues, we are unable to find that defendant understood the nature of the appellate rights being waived[,] and, thus, the waiver is not enforceable" (People v Pompey, 203 AD3d 1411, 1412 [3d Dept 2022] [citations omitted], lv denied 38 NY3d 1009 [2022]; see People v Mayeaux, 197 AD3d 1443, 1444 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]; People v Mayo, 195 AD3d 1313, 1314 [3d Dept 2021]).
Although defendant's challenge to the factual sufficiency of his Alford plea is not precluded given the invalid appeal waiver,[FN1] we nevertheless conclude that defendant's contention is not preserved for our review, as he did not move to withdraw his plea or to vacate the judgment of conviction (see People v Elawar, 204 AD3d 1247, 1248-1249 [3d Dept 2022], lv denied 38 NY3d 1133 [2022]; People v Morehouse, 140 AD3d 1202, 1203 [3d Dept 2016], lv denied 28 NY3d 934 [2016]; People v Ture, 94 AD3d 1163, 1164 [3d Dept 2012], lv denied 19 NY3d 968 [2012]; People v Hinckley, 50 AD3d 1466, 1467 [4th Dept 2008], lv denied 10 NY3d 959 [2008]), "and the plea allocution does not engender significant doubt regarding defendant's guilt or otherwise call into question the voluntariness of the plea to bring this case within the narrow exception to the preservation requirement" (People v Tchiyuka, 160 AD3d 1488, 1488-1489 [4th Dept 2018]; see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, were the claim properly preserved, we would conclude that the record establishes that defendant's [*2]Alford plea was the product of a voluntary and rational choice, and the record contains strong evidence of actual guilt (see People v Hill, 16 NY3d 811, 814 [2011]; People v Alsaifullah, 162 AD3d 1483, 1485 [4th Dept 2018], lv denied 32 NY3d 1062 [2018]; People v Bates, 83 AD3d 1110, 1113 [3d Dept 2011], lv denied 21 NY3d 1072 [2013]).
By pleading guilty, defendant waived his challenge to the sufficiency of the grand jury evidence supporting the second count of the indictment (see People v Hansen, 95 NY2d 227, 232 [2000]; People v Dunbar, 53 NY2d 868, 871 [1981]; People v Snype, 171 AD3d 1220, 1220-1221 [2d Dept 2019]; People v Carston, 163 AD3d 1166, 1167 [3d Dept 2018], lv denied 32 NY3d 1002 [2018]; People v Melendez, 48 AD3d 960, 960 [3d Dept 2008], lv denied 10 NY3d 962 [2008]). Finally, defendant's contention that County Court lacked geographical jurisdiction under CPL 20.40 is raised for the first time on appeal and is not preserved for appellate review (see People v Greenberg, 89 NY2d 553, 556 [1997]; People v McLaughlin, 80 NY2d 466, 471 [1992]; People v Roulhac, 166 AD3d 1066, 1068 [3d Dept 2018], lv denied 32 NY3d 1128 [2018]; People v Hinds, 77 AD3d 429, 430 [1st Dept 2010], lvs denied 15 NY3d 953, 15 NY3d 955 [2010]), and we decline to exercise our interest of justice jurisdiction to reverse on this basis (cf. Matter of Steingut v Gold, 42 NY2d 311, 313-316 [1977]; Matter of Gentner v Hall, 193 AD3d 1129, 1131-1132 [3d Dept 2021]; People v Maldonado, 122 AD3d 1379, 1379-1380 [4th Dept 2014], lv denied 27 NY3d 1002 [2016]; Matter of Stewart v Hartnett, 34 AD3d 1134, 1136 [3d Dept 2006], appeal dismissed 8 NY3d 936 [2007]).
Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant's claim regarding his Alford plea implicates the voluntariness of his plea, we note that such a claim would survive even a valid appeal waiver (see People v Fallen, 106 AD3d 1118, 1119 [3d Dept 2013], lv denied 22 NY3d 1156 [2014]; People v Ebert, 15 AD3d 781, 782 [3d Dept 2005]).