People v Harris (2024 NY Slip Op 06249)

People v Harris

2024 NY Slip Op 06249

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CR-22-2235
[*1]The People of the State of New York, Respondent,
v
Jonathan Harris, Appellant.

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Craig Meyerson, Peru, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Clinton County (Keith M. Bruno, J.), rendered August 2, 2022, convicting defendant upon his plea of guilty of the crime of attempted criminal sexual act in the first degree.
Defendant was charged in a 53-count indictment with two counts of predatory sexual assault against a child, 25 counts of rape in the second degree, 25 counts of criminal sexual act in the second degree and endangering the welfare of a child. At a scheduled Huntley hearing, defendant's request to adjourn the hearing was denied. The People stated that any plea offer would be withdrawn once the Huntley hearing commenced, prompting a brief adjournment and further negotiation of the terms of the plea offer. Defendant ultimately elected to enter an Alford plea to the reduced charge of attempted criminal sexual act in the first degree and agreed to waive his right to appeal.
At sentencing, County Court denied defendant's request to strike certain information contained in the presentence report, including alleged statements by defendant and an evaluative assessment. County Court then sentenced defendant, as a second felony offender, to the agreed-upon prison term of five years, to be followed by seven years of postrelease supervision. Defendant appeals.
Initially, defendant contends that the waiver of his right to appeal is invalid. We disagree and are satisfied that the record reflects that defendant's voluntary waiver of his right to appeal is valid (see People v Lopez, 6 NY3d 248, 256-257 [2006]). Although the written waiver executed by defendant previously has been found to contain overbroad language, here, unlike in those cases, County Court engaged in a thorough oral colloquy, during which it discussed the nature and consequences of the appeal waiver, specifically advised defendant that certain appellate rights survived the waiver and confirmed that defendant had discussed the appeal waiver with counsel, had no further questions and was voluntarily waiving his right to appeal (see People v Salley, 219 AD3d 1613, 1613-1614 [3d Dept 2023]; People v Smith, 210 AD3d 1207, 1208 [3d Dept 2022]; People v Devins, 206 AD3d 1365, 1366 [3d Dept 2022]). Given the validity of defendant's appeal waiver, his contention that County Court abused its discretion in denying his request for an adjournment of the Huntley hearing is foreclosed (see People v LaBar, 16 AD3d 1084, 1084 [4th Dept 2005], lv denied 5 NY3d 764 [2005]), as is his challenge to the court's denial of his request to redact information contained in the presentence report (see People v Blair, 148 AD3d 1426, 1426-1427 [3d Dept 2017], lv denied 29 NY3d 1029 [2017]; People v Conley, 135 AD3d 1238, 1238 [3d Dept 2016]; People v Butler, 134 AD3d 1349, 1350 [3d Dept 2015], lv denied 27 NY3d 963 [2016]; People v Guyette, 121 AD3d 1430, 1431 [3d Dept 2014], lv denied 27 NY3d 998 [2016]).
Moreover, although not encompassed by the waiver of his right to appeal, defendant's contention that his [*2]plea is involuntary is not preserved for our review as the record does not reflect that he made an appropriate postallocution motion, "and the plea allocution does not engender significant doubt regarding defendant's guilt or otherwise call into question the voluntariness of the plea to bring this case within the narrow exception to the preservation requirement" (People v Retell, 211 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks and citation omitted]; see People v Elawar, 204 AD3d 1247, 1248-1249 [3d Dept 2022], lv denied 38 NY3d 1133 [2022]; People v Crandall, 181 AD3d 1091, 1092-1093 [3d Dept 2020], lv denied 35 NY3d 1026 [2020]). We have examined defendant's remaining contentions and have found them to be without merit.
Egan Jr., J.P., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the judgment is affirmed.