## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 18, 2014                     105749
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

LYNN G. BROWN,
                        Appellant.
_____

Calendar Date:  Novmeber 19, 2014

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        John R. Trice, Elmira, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Sophia A.
Bergman of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered February 6, 2013, convicting defendant upon
his plea of guilty of the crime of grand larceny in the third
degree.

        Defendant waived indictment and was charged in a superior
court information with grand larceny in the third degree after he
stole a quantity of jewelry, believed to be valued at $11,569,
from his girlfriend's mother.  He pleaded guilty to this charge
and, under the terms of the plea agreement, was to be sentenced
as a second felony offender to 3 to 6 years in prison.  County
Court indicated, however, that it might consider sentencing
defendant to a lesser prison term if it was disclosed that the
value of the stolen jewelry was substantially less than $11,569.

Ultimately, even though the amount of restitution ordered was $6,215, County Court adhered to the original sentencing agreement. Defendant now appeals.

To the extent that defendant's claim that his guilty plea was defective is a challenge to the factual sufficiency of the plea allocution, it has not been preserved for our review due to the absence of any indication in the record that defendant moved to withdraw his guilty plea (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Wasley, 119 AD3d 1216, 1216 [2014]). The narrow exception to the preservation rule is inapplicable inasmuch as defendant did not make any statements to negate an essential element of the crime or cast doubt upon his guilt (see People v Lopez, 71 NY2d at 666-667; People v Wasley, 119 AD3d at 1217). For the same reason, defendant's challenge to the effectiveness of his counsel is also unpreserved (see People v Youngblood, 107 AD3d 1159, 1160, lv denied 21 NY3d 1078 [2013]; People v Douglas, 38 AD3d 1063, 1063 [2007], lv denied 9 NY3d 843 [2007]). In any event, the record reflects that defendant voluntarily and knowingly pleaded guilty and nothing in the record suggests that he was deprived of the effective assistance of counsel.

With regard to the sentence imposed, the record discloses that defendant received the benefit of his bargain as County Court sentenced him, in accordance with the plea agreement, to a prison term of 3 to 6 years (see e.g. People v Klein, 26 AD3d 530, 531 [2006], lv denied 6 NY3d 849 [2006]). Although the court agreed to consider a lesser sentence depending upon the amount of restitution awarded, no commitment was made to impose a lesser sentence. Furthermore, we reject defendant's challenge to the severity of the sentence. The facts reveal that defendant took the jewelry while residing with his girlfriend in the home of her parents following a two-week drinking binge. Given this violation of trust and defendant's extensive criminal record, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Card, 115 AD3d 1007, 1009 [2014], lv denied 23 NY3d 961 [2014]; People v Adkins, 108 AD3d 943 [2013]).

Lahtinen, J.P., Garry and Devine, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court