*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 9, 2017                107768
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

MARK C. HULSTRUNK,
                        Appellant.
_____

Calendar Date: January 11, 2017

Before: McCarthy, J.P., Garry, Lynch, Rose and Aarons, JJ.

_____

        Theresa M. Suozzi, Saratoga Springs, for appellant.

        Karen Heggen, District Attorney, Ballston Spa (Gordon W.
Eddy of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered July 29, 2014, convicting
defendant upon his plea of guilty of the crime of menacing a
police officer.

        Defendant waived indictment and pleaded guilty to a
superior court information charging him with menacing a police
officer. Pursuant to a plea agreement, which included a waiver
of appeal and satisfied other charges, defendant was sentenced to
time-served and five years of probation. He now appeals.

        Initially, defendant's challenge to his guilty plea as not
knowing, voluntary and intelligent survives his unchallenged

waiver of appeal, but it was not preserved by an appropriate postallocution motion (see People v Hernandez, 140 AD3d 1521, 1522 [2016], lv denied 28 NY3d 971 [2016]).  Nor did defendant's allocution trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]).  However, defendant's challenge to his sentence as illegal is not precluded by the waiver of appeal (see People v Howland, 130 AD3d 1105, 1105 [2015], lv denied 26 NY3d 1089 [2015]) and, since this claim is evident on the face of the record, it is reviewable despite defendant's failure to timely object on this ground (see People v Santiago, 22 NY3d 900, 903 [2013]; People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Fishel, 128 AD3d 15, 17-18 [2015]).

As defendant argues, and the People concede, the sentence imposed is illegal.  The crime of menacing a police officer is a class D violent felony offense (see Penal Law §§ 70.02 [1] [c]; 120.18) for which a determinate prison sentence of between two and eight years is required (see Penal Law § 70.02 [2] [b-1]; [3] [c] [i]).  Given that "an illegal sentence cannot stand, and the entire sentence is part and parcel of the plea bargain," the sentence must be vacated in its entirety (People v Collier, 79 AD3d 1162, 1163 [2010] [internal quotation marks and citations omitted]).  Accordingly, we remit to County Court for resentencing pursuant to the governing sentencing statutes and to provide both parties with the opportunity to withdraw from the plea agreement (see People v DePerno, 92 AD3d 1089, 1090 [2012]; People v Collier, 79 AD3d at 1163).

McCarthy, J.P., Garry, Lynch and Aarons, JJ., concur.

ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court