People v Gary (2021 NY Slip Op 05052)





People v Gary


2021 NY Slip Op 05052


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

112596
[*1]The People of the State of New York, Respondent,
v
Andre Gary, Appellant.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered January 14, 2020, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
Defendant waived indictment and pleaded guilty to driving while intoxicated — as a class E felony — and waived his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to, among other things, five years of probation. Defendant appeals.
As conceded by the People, the sentence imposed was illegal. Defendant had previously been convicted of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) in 2019. Inasmuch as that conviction was within five years of the instant plea of guilty to driving while intoxicated, Vehicle and Traffic Law § 1193 (1-a) (a) requires the additional penalty of either five days in jail or 30 days of community service. As no such penalty was imposed by the court, the sentence imposed is less than is statutorily required and, therefore, is illegal.
"Where the plea bargain includes a sentence which is illegal because the minimum imposed is less than that required by law, . . . the proper remedy is to vacate the sentence and afford the defendant, having been denied the benefit of the bargain, the opportunity to withdraw the plea" (People v Martin, 278 AD2d 743, 744 [2000] [citation omitted]). Accordingly, the matter must be remitted to County Court for resentencing in accordance with the governing sentencing statute, with the opportunity for defendant to withdraw from the plea agreement (see People v Hulstrunk, 147 AD3d 1159, 1160 [2017]). In view of the foregoing, defendant's challenges to the validity of the appeal waiver and severity of the sentence imposed are academic (see People v Vanhyning, 177 AD3d 1095, 1096 [2019]).
Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.