People v Stabb (2022 NY Slip Op 04666)

People v Stabb

2022 NY Slip Op 04666

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

111737
[*1]The People of the State of New York, Respondent,
v
Thomas H. Stabb Jr., Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Veronica Reed, Schenectady, for appellant.
William G. Gabor, District Attorney, Wampsville (Robert A. Mascari of counsel), for respondent.

Appeal from a judgment of the County Court of Madison County (McDermott Jr., J.), rendered October 4, 2018, convicting defendant upon his plea of guilty of the crimes of disseminating indecent material to minors in the second degree and failure to register or verify as a sex offender.
Defendant, a level one registered sex offender, was charged with one count of disseminating indecent material to minors in the first degree and two counts of failure to register or verify as a sex offender. In satisfaction of the indictment, defendant pleaded guilty to the reduced charge of disseminating indecent material to minors in the second degree and one count of failure to register or verify as a sex offender, both class E felonies (see Penal Law § 235.21; Correction Law §§ 168-f [4]; 168-t). As required by the plea agreement, defendant executed a waiver of his right to appeal. County Court sentenced defendant, as a predicate felony offender, to concurrent prison terms of 2 to 4 years on each conviction. The initial uniform sentence and commitment form dated October 4, 2018 incorrectly denoted that defendant was sentenced as a predicate sex offender and contained no sentence for the failure to register conviction. The record also contains a uniform sentence and commitment form dated October 22, 2018 that reflects a sentence of 2 to 4 years on each conviction but likewise denotes that defendant was sentenced as a predicate sex offender.[FN1] On April 8, 2019, County Court corrected defendant's sentence, finding that he could be sentenced as a second felony offender on the disseminating indecent material conviction but not on the failure to register conviction.[FN2] The court accordingly resentenced defendant on the failure to register conviction by reducing the prison term to 1&frac13; to 3 years, and it retained the concurrent 2 to 4 year prison sentence on the disseminating indecent material conviction, all of which is reflected on a uniform sentence and commitment form dated April 8, 2019. Defendant appeals.
On appeal, defendant argues that the waiver of appeal is invalid, the original sentence imposed on the failure to register conviction was illegal and that said conviction should be vacated. Initially, defendant's challenge to the legality of his sentence survives the waiver of appeal (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d 1, 9-10 [1989]). However, defendant's challenge to the legality of the original sentence on October 4, 2018, as apparently amended October 22, 2018, is rendered academic by the April 8, 2019 resentencing (see People v Gary, 197 AD3d 1445, 1446 [2021]). Defendant does not raise any grounds upon which we could conclude that he was aggrieved by the initial sentencing errors, nor does he argue that he was entitled to any relief other than a resentence. Although defendant asks this Court to vacate his conviction for failure to register and dismiss that count of the indictment with prejudice, in the interest [*2]of justice, he has not argued that any aspect of that guilty plea was invalid so as to warrant vacating it.
Finally, the parties agree that, on the April 8, 2019 uniform sentence and commitment form, the box for "[d]eterminate" sentence was incorrectly checked in that defendant received only indeterminate sentences upon resentencing.[FN3] That scrivener's error can be corrected by amending the form (see People v Alger, ___ AD3d ___, ___, 169 NYS3d 200, 207 [2022]; People v Duggins, 192 AD3d 191, 196 [2021], lv denied 36 NY3d 1096 [2021]).[FN4]
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

Footnotes

Footnote 1: The record does not contain a transcript of any proceeding on October 22, 2018, and, thus, it is unclear if that was a resentencing.

Footnote 2: Second felony offender sentencing is only authorized for convictions defined in Penal Law chapter 40 (see Penal Law § 70.06 [1] [a]), whereas failure to register or verify as a sex offender is a violation of Correction Law § 168-f (4) (see Correction Law § 168-t).

Footnote 3: The record includes only the October 4, 2018 certificate of conviction. It is thus unclear whether a new certificate of conviction was issued following the April 8, 2019 resentencing (see CPL 380.60).

Footnote 4: Although defendant was released upon the maximum expiration date of his sentence on July 20, 2021, we decline to dismiss the appeal as moot given the need to correct the April 8, 2019 uniform sentence and commitment form and defendant's request, albeit meritless, to vacate the judgment of conviction for failing to register or verify as a sex offender.