People v Smith (2022 NY Slip Op 06298)

People v Smith

2022 NY Slip Op 06298

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

113030
[*1]The People of the State of New York, Respondent,
v
Osbourne Smith, Appellant.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Vivian Y. Joo of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered May 27, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
Defendant pleaded guilty to an indictment charging him with criminal possession of a weapon in the third degree. Pursuant to the terms of the plea agreement, defendant agreed to waive his right to appeal and to forfeit $1,167 that was seized in connection with an unrelated 2014 conviction. Defendant was sentenced, as a second felony offender, to a prison term of 2 to 4 years to run consecutive to a previously imposed sentence. Defendant appeals.
Contrary to defendant's contention, the record reflects that he knowingly, voluntarily and intelligently waived his right to appeal. Defendant was aware that an appeal waiver was a condition of the plea agreement. During the plea colloquy, County Court advised defendant of the separate and distinct nature of the appeal waiver, explained the appellate process and informed defendant that most claims of error would be waived, but that certain constitutional rights could still be raised on appeal. Defendant acknowledged that he discussed the waiver of the right to appeal with counsel and understood its ramifications. Although defendant points to some imprecise language used by County Court, "there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights," and we are satisfied that the record as a whole reflects that defendant understood the nature and consequences of the appeal waiver (People v Johnson, 14 NY3d 483, 486 [2010]; see People v Nixon, 206 AD3d 1381, 1382 [3d Dept 2022]). In view of the foregoing, we find that the oral waiver of the right to appeal is valid (see People v Sims, 207 AD3d 882, 883 [3d Dept 2022]; People v Devins, 206 AD3d 1365, 1366 [3d Dept 2022]; cf. People v See, 206 AD3d 1153, 1154-1155 [3d Dept 2022]).
To the extent that defendant challenges the written appeal waiver, the record reflects that defendant did not execute that written waiver until the day after he was sentenced. As such, it could have no impact on the validity of the oral appeal waiver. Given the valid appeal waiver, defendant's challenge to a condition of his plea agreement — specifically the forfeiture of monies seized in connection with a prior unrelated drug conviction — is foreclosed (see People v Sczepankowski, 293 AD2d 212, 214 [3d Dept 2002], lv denied 99 NY3d 564 [2002]; see also People v Brooks, 196 AD3d 914, 915 [3d Dept 2021]; People v Daniels, 193 AD3d 1179, 1180 [3d Dept 2021]). In any event, the issue is unpreserved for our review as the record does not reflect that defendant objected to such condition or made an appropriate postallocution motion (see People v Monk, 189 AD3d 1970, 1972 [3d Dept 2020], lv denied 37 NY3d 958 [2021]; People v Coleman, 138 AD3d 1014, 1015 [2d Dept 2016], lv denied 27 NY3d 1149 [2016]).
Lynch, J.P., Aarons, [*2]Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.