People v Larock (2022 NY Slip Op 07098)

People v Larock

2022 NY Slip Op 07098

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

112240
[*1]The People of the State of New York, Respondent,
v
Donald C. Larock, Appellant.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Essex County (Richard B. Meyer, J.), rendered November 26, 2019, convicting defendant upon his plea of guilty of the crimes of hindering prosecution in the first degree and tampering with physical evidence.
In satisfaction of a four-count indictment stemming from his conduct in connection with a murder and the investigation thereof, defendant pleaded guilty to hindering prosecution in the first degree and tampering with physical evidence and waived his right to appeal. Pursuant to the terms of the plea agreement, County Court conditionally committed to imposing concurrent sentences of 364 days in jail. Prior to being released from custody pending sentencing, the court admonished defendant that it would not be bound by the terms of the plea agreement, could impose the maximum prison term for each crime — of which defendant had been informed — and would not provide defendant an opportunity to withdraw his plea if he did not abide by various expressed conditions, including that he reside in the Town of Ticonderoga, Essex County until sentencing and that he "cooperate fully, completely and truthfully" with the Probation Department in preparation of the presentence report.
Based upon information that defendant may have violated those conditions, an Outley hearing (People v Outley, 80 NY2d 702, 713 [1993]) was held, at which defendant and the probation supervisor who interviewed defendant and prepared the presentence report testified. At the conclusion of the hearing, County Court determined that defendant failed to comply with certain conditions of the plea agreement and, finding that it was no longer bound by the terms of the plea agreement, imposed an enhanced sentence of 2&frac13; to 7 years in prison on the conviction of hindering prosecution and a consecutive prison term of 1&frac13; to 4 years on the conviction of tampering with physical evidence. Defendant appeals.
Defendant's contention that County Court impermissibly imposed an enhanced sentence is without merit. Initially, defendant is not precluded by the unchallenged appeal waiver, regardless of its validity, from raising this issue (see People v Turner, 158 AD3d 892, 893 [3d Dept 2018]). A court may impose an enhanced sentence when it is established that the defendant violated an express condition of the plea agreement (see People v Woods, 150 AD3d 1560, 1561 [3d Dept 2017], lv denied 29 NY3d 1095 [2017]), including a condition that the defendant cooperate truthfully in answering questions during a Probation Department interview (see People v Ackley, 192 AD3d 1203, 1204 [3d Dept 2021]; People v Takie, 172 AD3d 1249, 1250 [2d Dept 2019], lv denied 33 NY3d 1109 [2019]). Before imposing an enhanced sentence, however, due process requires that a sufficient inquiry be conducted by the court in order for it to determine that the plea conditions were indeed violated by the defendant (see People v Valencia, 3 NY3d 714, 715 [2004]; People v Ackley, 192 AD3d [*2]at 1205).
The record establishes that County Court specifically advised defendant that it would not be bound by the sentencing commitment if, as is relevant here, defendant did not "cooperate fully, completely and truthfully" with the Probation Department in preparing a presentence report or continue to reside in Ticonderoga pending sentencing. Contrary to defendant's contention, the condition that he be truthful and cooperative with the Probation Department was not subjective, as such condition "was explicit, objective [and] accepted by defendant" (People v Hicks, 98 NY2d 185, 189 [2002]). To that end, and consistent with the presentence investigation report, the interviewing probation supervisor testified at the Outley hearing that, despite being given an opportunity to do so, defendant did not share any information about his conduct in connection with his 2010 conviction of conspiracy in the fifth degree.
Regarding the plea condition that defendant maintain his residence in Ticonderoga pending sentencing, defendant did not deny that he failed to comply with that condition, acknowledging that he had, in fact, moved to a different town. Defendant's contention that the condition that he continue to reside in Ticonderoga was arbitrary and capricious is not preserved for our review. In any event, were we to address such issue, we would find it to be without merit. As the record establishes that there was sufficient inquiry for County Court to determine that defendant violated conditions of the plea agreement, no basis exists to disturb the court's imposition of an enhanced sentence (see People v Albergotti, 17 NY3d 748, 750 [2011]; People v Hicks, 98 NY2d at 189).
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.