People v Salley (2023 NY Slip Op 04690)

People v Salley

2023 NY Slip Op 04690

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

113373
[*1]The People of the State of New York, Respondent,
v
Stephone Salley, Appellant.

Calendar Date:September 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and Powers, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered December 16, 2021, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree (two counts).
In satisfaction of a seven-count indictment, defendant pleaded guilty to two counts each of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree and agreed to waive his right to appeal. Defendant executed a written waiver of appeal in open court that we have previously found to be overbroad; however, unlike in those cases, County Court here engaged in a thorough oral colloquy with defendant in which it explained the meaning of the waiver, ensured that defendant understood that specified issues would survive it, and confirmed that defendant had discussed the written waiver with counsel and had no further questions about it (compare People v Smith, 210 AD3d 1207, 1208 [3d Dept 2022], and People v Devins, 206 AD3d 1365, 1366 [3d Dept 2022], with People v Williams, 211 AD3d 1337, 1339 [3d Dept 2022], and People v See, 206 AD3d 1153, 1154 [3d Dept 2022], lv denied 39 NY3d 1075 [2023], and People v Williams, 202 AD3d 1162, 1163 [3d Dept 2022], lv denied 38 NY3d 954 [2022]). The agreement contemplated that, if defendant abided by Parker warnings, he would be permitted to withdraw his pleas of guilty to the counts of criminal possession of a controlled substance in the third degree and be sentenced on the remaining convictions, as a second felony offender with a prior violent felony, to a maximum prison term of six years and a maximum term of three years of postrelease supervision.
Thereafter, defendant failed to appear for sentencing and was arrested on new charges. Defendant ultimately waived an Outley hearing, admitted to violating the Parker warnings and acknowledged that County Court was no longer bound by the terms of the plea agreement. The court sentenced defendant, a second felony offender with a prior violent felony, to concurrent prison terms of seven years followed by three years of postrelease supervision on the convictions of criminal possession of a controlled substance in the third degree and to lesser concurrent prison terms and three years of postrelease supervision on the remaining convictions. Defendant appeals.
Appellate counsel seeks to be relieved of her assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Therefore, the judgment is affirmed and counsel's request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]; see generally People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001[*2]]).
Egan Jr., J.P., Lynch, Aarons, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, and application to be relieved of assignment granted.