People v Hendrie (2024 NY Slip Op 05851)

People v Hendrie

2024 NY Slip Op 05851

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

CR-23-0741
[*1]The People of the State of New York, Respondent,
v
Billy Hendrie, Appellant.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Adam G. Parisi, Schenectady, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Clinton County (Keith M. Bruno, J.), rendered November 12, 2021, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal nuisance in the first degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal nuisance in the first degree and agreed to waive his right to appeal. Pursuant to the terms of the plea agreement, County Court conditionally committed to sentencing defendant, as a second felony offender, to a prison term of six years, to be followed by three years of postrelease supervision, on the drug-related conviction and a concurrent prison term of 2 to 4 years on the nuisance conviction. Prior to adjourning the matter, County Court admonished defendant that it would not be bound by the agreed-upon sentence, could impose the maximum prison term of 12 years and would not permit defendant to withdraw his plea if defendant did not abide by various expressed conditions, including honestly answering questions during an interview with the Department of Probation in preparation of the presentence report.
Thereafter, based upon information that defendant, during his interview with probation, potentially violated such conditions by denying that he sold drugs, a Hicks hearing was held, at which the probation officer who interviewed defendant testified. At the conclusion of the hearing, County Court determined that defendant violated the condition of answering the probation officer's questions truthfully and, finding that it was no longer bound by the terms of the plea agreement, sentenced defendant, as a second felony offender, to an enhanced sentence of eight years in prison, to be followed by three years of postrelease supervision, on the drug-related conviction and a concurrent sentence of 2 to 4 years in prison on the nuisance conviction. Defendant appeals.
Initially, defendant contends that his waiver of the right to appeal is invalid. We disagree. Although the record includes a signed written appeal waiver, which contains language that we have previously found to be overbroad, the circumstances of the execution of the written appeal waiver do not appear during the plea proceeding or anywhere else in the record. However, we find that defendant's appeal waiver is valid given the sufficiency of the oral colloquy. To that end, the record reflects that defendant was aware that he was required to waive his right to appeal as a condition of the plea agreement and County Court explained that the waiver was separate and distinct from the rights automatically forfeited by his guilty plea. The court explained that the waiver of the right to appeal would include most claims of error, but that certain rights, some of which the court specified, survived. Defendant confirmed that he had discussed with counsel and understood the appeal waiver [*2]and was voluntarily waiving his right to appeal. In view of the foregoing, the record sufficiently establishes that the appeal waiver is valid (see People v Salley, 219 AD3d 1613, 1613-1614 [3d Dept 2023]; People v Smith, 210 AD3d 1207, 1208 [3d Dept 2022]; People v Devins, 206 AD3d 1365, 1366 [3d Dept 2022]; compare People v Moses, 206 AD3d 1348, 1349 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]; People v Giddings, 200 AD3d 1481, 1482 [3d Dept 2021], lv denied 38 NY3d 950 [2022]).
Notwithstanding the valid appeal waiver, defendant is not precluded from challenging the propriety of County Court imposing an enhanced sentence based upon statements defendant made to the Department of Probation (see People v Larock, 211 AD3d 1234, 1235 [3d Dept 2022]; People v Turner, 158 AD3d 892, 893 [3d Dept 2018]). When a court determines following a sufficient inquiry that a defendant did not abide by an express term of the plea agreement, including a condition that the defendant truthfully answer questions during a Probation Department interview, an enhanced sentence may be imposed (see People v MacLean, 226 AD3d 1178, 1181 [3d Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Larock, 211 AD3d at 1235-1236; see also People v Hicks, 98 NY2d 185, 187-189 [2002]).
County Court advised defendant at the time of the plea that he must cooperate with and honestly answer the questions asked by the Department of Probation, otherwise it would not be bound by the plea agreement and he could be exposed to a longer prison sentence, which defendant acknowledged he understood. The probation officer who interviewed defendant testified at the Hicks hearing that defendant denied "directly" selling drugs when asked whether he sold fentanyl on the date specified in the first count of the indictment. County Court found this to be inconsistent with defendant's admission during the plea colloquy.
At the time of the plea, defendant was not asked to make any factual recitation. Rather, County Court read counts 1 and 3 of the indictment, asked defendant if the allegations therein were truthful and accurate, to which he responded "yes," then asked defendant how he pleaded to those counts, to which he responded "guilty." The probation officer elicited more details when he interviewed defendant. He testified that "[defendant] said, [']I was aware that [codefendant] Alvarez was in fact selling drugs out of my apartment and allowing individuals into my apartment to use narcotics[']. . . . He admitted to that. He denied directly being involved in sales." Defense counsel argued that defendant's statements to probation were not inconsistent with his guilty plea because, as an accessory to the codefendant, "he can facilitate the sale and not actually hand over the drugs . . . [and] that's why he pled guilty." We agree with defendant that his statement that he did not "directly" sell the drugs but allowed the codefendant to do so in his apartment, was not inconsistent with his guilty plea. To [*3]the extent that the accounts diverged at all, it is apparent that they did so because the probation officer elicited details that defendant was not asked about at the time of his plea. Defendant pleaded guilty to criminal sale of a controlled substance in the third degree as charged in the first count of the indictment. Neither the indictment nor the plea colloquy provides any detail as to the precise location of that sale. Denying that he sold drugs "out of his apartment" is, therefore, not inconsistent with defendant's guilty plea to the first count of the indictment. Accordingly, the record does not support County Court's finding that defendant made false statements to the probation officer and it was an abuse of discretion for it to impose an enhanced sentence on defendant's conviction of criminal sale of a controlled substance in the third degree.
To the extent that defendant challenges the accuracy and sufficiency of the second felony offender statement, his contention is waived as he did not controvert the information contained therein or his status as a second felony offender (see People v LaPierre, 195 AD3d 1301, 1304 [3d Dept 2021]; People v Tariq, 166 AD3d 1248, 1248- 1249 [3d Dept 2018], lv denied 32 NY3d 1173 [2019]). In any event, were we to consider the issue, we would find it to be without merit. Defendant was aware of, admitted to and does not otherwise dispute that he was, in fact, convicted of a prior felony drug offense. As there was substantial compliance with CPL 400.21, we would find any errors or inaccuracies in the predicate felony statement to be harmless (see People v LaPierre, 195 AD3d at 1304; People v Tariq, 166 AD3d at 1249).
Similarly, defendant's challenge to his sentence as unduly harsh or severe is precluded by his valid waiver of the right to appeal (see People v Mehalick, 226 AD3d
1263, 1265 [3d Dept 2024], lv denied 42 NY3d 928 [2024]; People v Turner, 158 AD3d at 892-893). Lastly, we note, and the parties agree, that the new uniform sentence and commitment form should reflect defendant's status as a second felony drug offender. (see Penal Law § 70.70 [3] [b] [i]; People v Delosh, 227 AD3d 1276, 1277-1278 [3d Dept 2024]).
Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law and the facts, by reducing the term of imprisonment for defendant's conviction of criminal sale of a controlled substance in the third degree from eight years to six years and, as so modified, affirmed.