People v LaRock (2024 NY Slip Op 06246)

People v LaRock

2024 NY Slip Op 06246

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

113584 CR-23-1304
[*1]The People of the State of New York, Respondent,
v
Michael E. LaRock, Appellant.

Calendar Date:November 18, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Garry, P.J.
Appeals (1) from a judgment of the County Court of Essex County (Richard B. Meyer, J.), rendered November 26, 2019, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered July 12, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In 2019, defendant was charged in an indictment with various crimes, including murder in the second degree, concealment of a human corpse and tampering with physical evidence. In a separate indictment, defendant's father was charged with various crimes for his alleged involvement in defendant's crimes, including hindering prosecution in the first degree and tampering with physical evidence. Pursuant to a plea agreement, defendant pleaded guilty to murder in the second degree in full satisfaction of the indictment, with the understanding that he would be sentenced, as a second felony offender, to 25 years to life in prison. Under the terms of the agreement, if defendant cooperated with the prosecution by advising them where the weapon he used to commit the crime was located and how he was able to procure the weapon, and the weapon was subsequently recovered, defendant's father would be released from custody pending sentencing following his plea to an unspecified crime. Defendant was also required to waive the right to appeal as part of the plea agreement. At sentencing, County Court imposed the agreed-upon sentence of 25 years to life.
Defendant's father pleaded guilty to hindering prosecution in the first degree and tampering with physical evidence, with the understanding that he would be sentenced to concurrent sentences of 364 days in jail, and he was released from custody pending sentencing due to the discovery of defendant's weapon (People v Larock, 211 AD3d 1234, 1235 [3d Dept 2022]). County Court advised defendant's father that the imposition of that sentence was conditional and that the court would not be bound by the sentence included in the plea agreement if he did not abide by various expressed conditions, "including that he reside in the Town of Ticonderoga, Essex County until sentencing and that he 'cooperate fully, completely and truthfully' with the Probation Department in preparation of the presentence report" (id.).After it was alleged that the father had not abided by these conditions, the court held an Outley hearing. At the conclusion of the hearing, the court found that the father had failed to abide by the conditions and that it was therefore no longer bound by the sentence included in the plea agreement (id.). The court then imposed an enhanced sentence of 2&frac13; to 7 years in prison on the hindering prosecution conviction and a consecutive term of 1&frac13; to 4 years on the tampering with physical evidence conviction (id.). The father challenged the imposition of the enhanced sentence on appeal, and we affirmed (id.).
In April 2023, defendant sought [*2]postconviction relief under CPL 440.10 on the ground that he was not advised, as part of his plea agreement, that conditions would be placed on his father as part of the father's plea agreement that, if not abided by, could result in County Court imposing an enhanced sentence on the father. County Court denied the motion without a hearing. Defendant appeals both from the judgment of conviction and, by permission, from the order denying his postconviction motion.
Initially, as defendant has elected not to brief any issues relating to his direct appeal from his judgment of conviction, we deem that appeal to be abandoned (see People v Shuler, 231 AD3d 1285, 1286 [3d Dept 2024]; People v Harris, 143 AD3d 1181, 1182-1183 [3d Dept 2016], lv denied 28 NY3d 1145 [2017]). Defendant's sole argument on appeal is that County Court erred in denying his CPL article 440 motion where a condition that induced his guilty plea was "fundamentally changed" (People v Pichardo, 1 NY3d 126, 129 [2003]). However, a review of defendant's plea colloquy and written plea agreement reflects that the only promise made to defendant regarding his father is that the father would be released from custody once the weapon was discovered, pending the father's sentencing. It is undisputed that the father was released from custody upon the discovery of the weapon, pending his sentencing. Accordingly, defendant was not deprived of the benefit of his bargain (see People v Robles, 172 AD3d 1780, 1781 [3d Dept 2019], lv denied 34 NY3d 983 [2019]; People v Brown, 123 AD3d 1300, 1301 [3d Dept 2014], lv denied 25 NY3d 1198 [2015]). Even assuming, without deciding, that defendant's plea agreement was also conditioned on the father being sentenced to 364 days in jail, the People recommended that sentence during the father's plea colloquy, and County Court agreed, provided that the father, prior to sentencing, continued to reside in Ticonderoga and cooperate with the Probation Department in the preparation of the presentence report. In our view, the fact that defendant was unaware that those conditions would be imposed on the father did not amount to a fundamental change in a condition that induced his plea. Any promise of a sentence of jail time for the father could have been kept had the father complied with these reasonable conditions, and defendant should not be allowed to profit from the father's lack of compliance with the terms of his plea agreement (see generally People v Lowrance, 41 NY2d 303, 304-305 [1977]; People v Walker, 224 AD2d 781, 782 [3d Dept 1996], lv denied 88 NY2d 970 [1996]). Accordingly, County Court properly denied defendant's CPL 440.10 motion, without a hearing.
Egan Jr., Clark, Pritzker and Mackey, JJ., concur.
ORDERED that the judgment and the order are affirmed.