People v Harrigan (2025 NY Slip Op 03669)

People v Harrigan

2025 NY Slip Op 03669

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CR-23-0263
[*1]The People of the State of New York Respondent,
v
Nicole Harrigan, Appellant.

Calendar Date:June 4, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Erin C. Morigerato, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Vivian Y. Joo of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Clinton County (William Favreau, J.), rendered October 26, 2022, convicting defendant upon her plea of guilty of the crime of conspiracy in the second degree.
Defendant was charged in an indictment with three counts of conspiracy in the second degree and one count of criminal possession of stolen property in the third degree. The charges stem from defendant's conduct in aiding and acting in concert with three named codefendants in the kidnapping and murder of the victim in July 2021, a crime motivated by defendant's and the codefendants' belief that the victim had acted as an informant in identifying one of the codefendants as the source of drug trafficking. Pursuant to a plea agreement that included a waiver of appeal, defendant pleaded guilty to conspiracy in the second degree as charged in count 1, admitting that, in concert with the codefendants, she had acted with the intent to cause the victim's murder and committed overt acts in furtherance of that conspiracy. Under the terms of the plea agreement,[FN1] defendant was promised a prison term of 10 years, to be followed by five years of postrelease supervision, to be imposed as a second felony offender, and signed a written waiver of appeal. At sentencing on May 26, 2022, after questions were raised regarding defendant's statements to the Probation Department minimizing her involvement that were inconsistent with her sworn plea allocution, defendant reallocuted to the crime; the People opted not to request an enhanced sentence and defendant, in turn, indicated that she did not want to move to withdraw her guilty plea. County Court thereafter imposed the agreed-upon sentence.
The Department of Corrections and Community Supervision subsequently advised County Court that a determinate sentence was not authorized for the crime to which defendant had pleaded guilty — conspiracy in the second degree — and that an indeterminate prison term was required, with a maximum of between 9 and 25 years. Further, since defendant was a second felony offender, the minimum term was required to be one-half the maximum, i.e., 4½ to 12½ years (see Penal Law § 70.06 [3] [b]; [4] [b]). Defendant was then returned to court and, upon consent, resentenced to a prison term of 8 to 16 years. Defendant appeals.
Initially, defendant argues that her waiver of appeal is invalid. We disagree. The record reflects that defendant was repeatedly advised that an appeal waiver was a condition of the plea agreement, a term that she accepted, and that County Court explained that the appeal waiver was separate and distinct from the trial-related rights she would be forgoing by her guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]). Defense counsel assured the court that he had reviewed the plea terms and appellate rights with defendant, who indicated that she understood them and had no questions. Defendant then signed the written waiver of appeal after reviewing it with counsel and indicating [*2]that she understood it. Although the written waiver, like the court's oral explanation, contained some overly broad language purporting to waive "all post-conviction remedies," the court modified the overbroad language by advising defendant during the allocution that it was striking the word "all" from the written waiver, which was done, and that she reserved appellate rights as specified in the written waiver and "was not waiving all rights of appeal." Importantly, both the court's explanation of the appeal waiver and the written waiver itself made clear that although the waiver of the right to appeal would include most claims of error, defendant retained certain appellate rights, some of which were enumerated, that are nonwaivable and survive the waiver. "Under these circumstances, we are satisfied that the counseled defendant understood the distinction that some appellate review survived" (People v Lewis, 234 AD3d 1209, 1210 [3d Dept 2025] [internal quotation marks and citations omitted]; see People v Salley, 219 AD3d 1613, 1613-1614 [3d Dept 2023], and find that defendant "understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019]). Thus, we find that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d at 256; People v Harris, 233 AD3d 1202, 1203 [3d Dept 2024]).
Defendant challenges her guilty plea as not knowing, voluntary or intelligent on several grounds, which claims survive her appeal waiver but are unpreserved for our review given her express declination at the May 2022 sentencing to move to withdraw her guilty plea when asked by County Court and her failure to make an appropriate postallocution motion at any point, despite an opportunity to do so (see People v Snyder, 235 AD3d 1072, 1073 [3d Dept 2025]). Defendant's challenge to the factual sufficiency of the January 21, 2022 plea allocution is precluded by her appeal waiver and is also unpreserved (see id.) and, notably, she made no statements during that allocution that negated an element of the crime or cast doubt on the voluntariness of the plea so as to trigger the narrow exception to the preservation rule (see People v Williams, 27 NY3d 212, 214 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). To the extent defendant argues that her statements to the Probation Department minimizing her role in the conspiracy and murder triggered the narrow exception to the preservation rule and imposed a duty of further inquiry, under settled law her "unsworn, postplea statements to the Probation Department — to the extent that they were inconsistent with h[er sworn] admissions during the plea allocution — were unsubstantiated and did not impose a duty of further inquiry upon County Court" (People v Sims, 207 AD3d 882, 884 [3d Dept 2022], affd 41 NY3d 995 [2024]; see People v Merritt, 210 AD3d 1209, 1210 [3d Dept 2022]). In any event, when the People raised the issue of whether defendant's statements to the Probation [*3]Department violated her warnings to cooperate and be truthful in her interview, the court and the People conducted a further inquiry in which defendant, under oath, reallocuted to the crime, admitting punching the victim in the head in furtherance of the conspiracy to murder the victim and that she was aware that the victim would be killed during the assault. Accordingly, any duty of further inquiry was satisfied and defendant's claim that her unsworn statements cast doubt on the voluntariness of her plea or her guilt lacks merit.
Defendant further contends that because she entered a guilty plea with a sentencing promise — 10 years in prison, to be followed by five years of postrelease supervision — that was unauthorized, her plea was not knowing, voluntary or intelligent and she should have been afforded an opportunity to withdraw her guilty plea prior to resentencing. Initially, we note that "the illegality of the promised sentence does not, in itself, render a defendant's guilty plea unknowing and involuntary" (People v Osbourne, 223 AD3d 632, 632 [1st Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 939 [2024]) and defendant did not preserve her voluntariness claim (see People v Williams, 27 NY3d at 222-223). Regarding resentencing, where, as here, a plea bargain provides for a sentence that is not legal and an illegal sentence is imposed, "the trial court ha[s the] inherent power to correct [the] illegal sentence" (People v Williams, 87 NY2d 1014, 1015 [1996]). However, "when a defendant's guilty plea has been induced by a sentencing promise that the court later determines is inappropriate or illegal, that court must afford the defendant the opportunity to withdraw the plea or honor the plea-inducing promise" (People v Borden, 91 AD3d 1124, 1126 [3d Dept 2012] [internal quotation marks, brackets and citation omitted], lv denied 19 NY3d 862 [2012]). County Court could have either afforded defendant an opportunity to withdraw her guilty plea which, if she declined, would permit imposition of a lawful sentence, or "reduce[d] the sentence or the crime charged so that the sentence upon which the plea bargain was based can legally be imposed," thereby honoring defendant's sentencing expectations that induced her guilty plea (People v Jabot, 156 AD3d 954, 955 [3d Dept 2017], lv denied 30 NY3d 1116 [2018]). However, at resentencing, the court did not "impose another lawful sentence that comport[ed] with . . . defendant's legitimate [sentencing] expectations" (People v Collier, 22 NY3d 429, 434 [2013], cert denied 573 US 908 [2014]) but, instead, merely procured defendant's consent to a longer resentence which was not comparable to that contemplated by the plea agreement, without expressly affording her an opportunity to withdraw her guilty plea prior to that consent. This was error and, accordingly, the resentence must be vacated and the matter remitted to County Court to afford defendant an opportunity to move to withdraw [*4]her guilty plea or fashion a remedy to honor the sentencing promise (see id. at 433-434; People v Gary, 197 AD3d 1445, 1446 [3d Dept 2021]; People v Hulstrunk, 147 AD3d 1159, 1160 [3d Dept 2017]).
Defendant's remaining claims that she was denied meaningful representation, to the extent they are not rendered academic by our determination, survive her guilty plea to the extent that they implicate the voluntariness of her plea, but are unpreserved (see People v Tucker, 222 AD3d 1038, 1042 [3d Dept 2023]; People v Dunbar, 218 AD3d 931 [3d Dept 2023], lv denied 40 NY3d 950 [2023]). Further, to the extent that defendant's claims involve matters both on and off the record on direct appeal, they are more appropriately addressed together in a motion pursuant to CPL article 440 (see People v Werner, 227 AD3d 1273, 1274 [3d Dept 2024]; People v Taylor, 156 AD3d 86, 91-92 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]).
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed, matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.

Footnotes

Footnote 1: Defendant was also required to enter a guilty plea in town court to a charge of driving while ability impaired by drugs, for which she would receive a concurrent sentence.