People v Brizzee (2026 NY Slip Op 00290)

People v Brizzee

2026 NY Slip Op 00290

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CR-25-0060
[*1]The People of the State of New York, Respondent,
vBrendon T. Brizzee, Appellant.

Calendar Date:January 2, 2026

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

Todd G. Monahan, Schenectady, for appellant.
Christopher Luhr, District Attorney, Howes Cave (Stephen C. Goble of counsel), for respondent.

Appeal from a judgment of the County Court of Schoharie County (Ryan McAllister, J.), rendered June 5, 2024, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree (two counts).
In satisfaction of two pending indictments, defendant pleaded guilty to two counts of criminal possession of a controlled substance in the second degree and agreed to waive his right to appeal with the understanding that he would be sentenced to concurrent prison terms of no more than seven years, to be followed by five years of postrelease supervision. In addition, County Court advised defendant, who was being released pending sentencing, that it would not be bound by the sentence commitment and could impose the maximum permissible prison term of 10 years if defendant failed to abide by certain conditions, including appearing for the scheduled sentencing, which defendant acknowledged he understood. Defendant thereafter failed to appear at sentencing. After defendant was returned to court pursuant to the bench warrants issued by the court, a hearing was held, at the conclusion of which the court found that defendant violated a condition of the plea agreement by failing to appear at sentencing and, therefore, no longer being bound by the terms of the plea agreement, imposed an enhanced sentence of concurrent prison terms of nine years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that County Court abused its discretion in imposing an enhanced sentence. We disagree. An enhanced sentence may be imposed upon a defendant who violates an express condition of the plea agreement (see People v Perry, 235 AD3d 1041, 1043 [3d Dept 2025], lv denied 43 NY3d 965 [2025]; People v Dibble, 222 AD3d 1110, 1111 [3d Dept 2023]; People v Larock, 211 AD3d 1234, 1235 [3d Dept 2022]). Despite defendant being unequivocally advised during the plea proceeding that the court would not be bound by its sentencing commitment if he failed to appear for sentencing, defendant did not appear. Although defendant claimed that he was prevented from appearing at the scheduled sentencing because the morning thereof he sought treatment at the hospital for a medical issue, the hospital documentation provided by defendant reflects that by the time he was treated, the medical issue had resolved and, as defendant acknowledged, he was discharged from the hospital around mid-morning that same day. Further, defendant admittedly failed to thereafter turn himself in and was only returned to court days later after County Court — having waited 48 hours from his nonappearance at sentencing — issued bench warrants. As the foregoing fully supports County Court's finding that defendant violated a known condition of the plea agreement, we find no abuse of discretion in the court imposing an enhanced sentence (see People v Gentry, 172 AD3d 1526, 1528 [3d Dept 2019]; People v Bove, 64 AD3d 812, 813 [3d Dept [*2]2009], lv denied 13 NY3d 858 [2009]). Further, in light of the unchallenged appeal waiver and the fact that defendant was aware of the consequences of violating the plea condition, his challenge to the perceived severity of the enhanced sentence is foreclosed (see People v Middlemiss, 236 AD3d 1198, 1199 [3d Dept 2025]; People v Trent, 206 AD3d 1355, 1356 [3d Dept 2022]).
Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.