People v Davis (2026 NY Slip Op 00640)

People v Davis

2026 NY Slip Op 00640

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CR-24-1838
[*1]The People of the State of New York, Respondent,
vTerry L. Davis Jr., Appellant.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Larkin Ingrassia, PLLC, Newburgh (John Ingrassia of counsel), for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Sullivan County (E. Danielle Jose-Decker, J.), rendered August 9, 2024, convicting defendant upon his plea of guilty of the crime of unlawful imprisonment in the first degree.
In satisfaction of a three-count indictment stemming from a domestic incident, defendant pleaded guilty to unlawful imprisonment in the first degree and agreed to waive his right to appeal. As part of the plea agreement, County Court conditionally committed to sentencing him to four months of weekend incarceration, to be followed by five years of probation. The court premised that promised sentence on defendant abiding by certain conditions pending sentencing, including that defendant cooperate with and truthfully answer all questions asked of him by the Department of Probation in preparation of the presentence report (hereinafter PSR). The court advised defendant that it would not be bound by the agreed-upon sentence and could impose a term of up to four years in prison if he did not abide by those conditions, which defendant acknowledged he understood. At sentencing, the court found that defendant's statements during the probation interview may have been inconsistent with evidence pertaining to the underlying offense. After an adjournment to allow defendant an opportunity to consider withdrawing his plea, the court ultimately scheduled a hearing regarding defendant's violation of the plea conditions. Following that hearing, at which the probation officer who interviewed defendant testified and the PSR and an audio recording of the underlying offense that the victim managed to record were submitted, County Court found that defendant had violated the plea condition that he be truthful in answering the questions presented to him by the Department of Probation, determined that an enhanced sentence was warranted and imposed the maximum permissible term of imprisonment of 1⅓ to 4 years. Defendant appeals.
Initially, defendant's contention that County Court improperly imposed an enhanced sentence based upon his violation of the condition that he be truthful with the Department of Probation is not precluded regardless of the validity of his unchallenged appeal waiver (see People v Hendrie, 232 AD3d 1067, 1069 [3d Dept 2024]; People v Larock, 211 AD3d 1234, 1235 [3d Dept 2022]). As for the merit of defendant's contention, it is well established that the violation of an explicit and objective plea condition, including a condition that a defendant truthfully answer questions during an interview with probation in compiling information for the PSR, can result in the imposition of an enhanced sentence (see People v Hendrie, 232 AD3d at 1069; People v Becker, 80 AD3d 795, 796 [3d Dept 2011]).
The probation officer who interviewed defendant testified that defendant was given the opportunity to explain in his own words what occurred with regard to the underlying offense. In response, defendant stated that a discussion with the victim — with [*2]whom defendant shared two children — escalated and that the victim threatened to take the children and leave, which resulted in him preventing the victim from leaving the bedroom that they were in. A review of an audio recording taken at the time of the offense, however, contradicts defendant's assertion that the victim threatened to take the children and leave. In fact, the audio recording establishes that the victim, numerous times, assured defendant that he could see the children whenever he wanted.
Defendant also stated during the probation interview that, although he was unloading a shotgun during the time that he was arguing with the victim, he was unaware that the presence of the shotgun made the victim feel unsafe, which is at odds with his admission during the plea that he restrained the victim under circumstances exposing her to a risk of serious injury while pointing a loaded, operable shotgun at her and threatening to kill her and their children with it. His admission is similarly belied by the same audio recording, which captures the sound of a gun cocking followed by defendant's taunts to the victim as to whether she is "scared now." Although the probation officer acknowledged that she did not ask defendant any follow-up questions or ask that he clarify his statement, defendant neglected to mention in his version of the underlying offense that he repeatedly threatened to kill the victim, himself and their children. The probation officer further testified that, although defendant did not deny any specific conduct, he seemed to be "glossing over certain events."
The foregoing provides a valid basis for County Court's finding that defendant violated the explicit, objective and accepted condition of the plea agreement that he be truthful with the Department of Probation regarding the circumstances of the underlying offense. Failing to truthfully discuss conduct pertinent to the underlying offense "hindered the preparation of an accurate report for the court's use at sentencing" (People v Hicks, 98 NY2d 185, 189 [2002]). As such, we find no abuse of discretion in County Court imposing an enhanced sentence (see id.; People v Larock, 211 AD3d at 1236; compare People v Hendrie, 232 AD3d at 1069-1070; People v Becker, 80 AD3d at 796-797). As defendant was advised of the specific conditions to abide by and consequences of violating such conditions, including his maximum sentencing exposure, his challenge to the severity of the enhanced sentence imposed is precluded by his unchallenged waiver of his right to appeal (see People v El-Begearmi, 236 AD3d 1203, 1204 [3d Dept 2025]; People v Brown, 163 AD3d 1269, 1271 [3d Dept 2018]). Defendant's remaining arguments, to the extent not expressly addressed herein, have been evaluated and determined to be without merit.
Ceresia, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.